UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| INSTITUTE OF AMERICAN INDIAN ARTS, a federally chartered corporation,<br><br>          Plaintiff,<br><br>v.<br><br>FENIX GLOBAL TECHNOLOGY, LLC, a New Mexico corporation; ADRIAN SANCHEZ,<br><br>          Defendants. | No. 10-CV-152-BRB/WDS |

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AND DENYING WITHOUT PREJUDICE
PLAINTIFF'S REQUEST FOR ATTORNEY FEES AND COSTS

Before the Court is Plaintiff Institute of American Indian Arts' (IAIA) motion for summary judgment on Count II of its Complaint, which arises under the Fair Debt Collection Practices Act (FDCPA), against Defendant Fenix Global Technology (FGT) and its principal owner, Defendant Adrian Sanchez. Docket Entry (DE) #20. The relevant facts are undisputed. In March 2009, IAIA entered into an agreement to buy a digital signage system from FGT, under which IAIA tendered $29,152.46. DE #21, at 3; DE #22, at 2. When, in April 2009, IAIA expressed an intent to cancel the contract, FGT agreed "it is in our best interest to conduct a mutual cancellation." FGT advised IAIA that "[u]pon confirmation from [our] suppliers concerning the

returned equipment, we will begin preparing your refund. . . . Due to the time involved in shipping the products back to our suppliers we are required to advise you that it may take us 30 to 45 days to complete your refund." DE #21, at 4; DE #22, at 2. By letter dated May 15, 2009, FGT confirmed it had received the equipment returned by IAIA and had requested and received return authorization from its suppliers for the equipment. DE #21, at 4; DE #22, at 2.

IAIA agreed to offset FGT's shipping costs for the items, leaving a refund owing of $26,667.46. DE #21, at 4. Sometime in July or August 2009, FGT sent a "test wire" refunding $500 to IAIA. According to FGT:

> [T]he "test wire" . . . was executed, in large part, to insure FGT had the proper banking information for IAIA. It was in no way meant to communicate any intent to issue a full refund at that time. . . . FGT never guaranteed reimbursement to IAIA within thirty (30) to forty-five (45) days, nor did they ever guarantee a date certain for payment of the refund to IAIA.

DE #22, at 3. To date no further refund has been forthcoming, though the record reveals FGT received reimbursement from its suppliers sometime prior to November 23, 2009. A voicemail on that date from FGT's then counsel to IAIA's counsel is telling:

> Patricia, John Kulikowski in Albuquerque. I'm calling regarding your client IAIA, my client Fenix. I met with my client over the weekend, and I was familiar with some of this. But what happened is just before or just after – like the day after they got the final refund from their vendors, they had another client who had reversed the transaction through her credit card and PayPal for approximately the same amount of money, backed out of the transaction and PayPal ended up reversing my client's payment, so it took the money out of his account and also

>put a hold on the account which subsequently seized another deposit. So to make a long story short, that money is gone from my client and we are in litigation with the party who backed out of the sale even though she had not paid for it, which is interesting. But we're not in a position to pay you now. We would offer monthly payments if you think that would even work.

DE #25, at 2-3.

Because IAIA is a federally chartered corporation, the debt which IAIA claims is owing is a debt owed the United States under the terms of the FDCPA. An entity or instrumentality of the United States is entitled to enforce the provisions of the FDCPA because the refund owed constitutes a debt as defined by the Act. See 28 U.S.C. § 3002. In this case, IAIA is entitled to judgment on Count II because IAIA's remedy of refund has failed of its essential purpose. A remedy of refund may fail of its essential purpose if such refund is not forthcoming within a reasonable time. See, e.g., Arias/Root Eng'g v. Cincinnati Milacron Mktg. Co., 1991 WL 190114, at *5 (9th Cir. 1991) (unpublished) ("[A refund remedy will generally fail only where the seller is unable or unwilling to provide a refund within a reasonable time." (internal quotations and brackets omitted)). While the question of whether a remedy has failed of its essential purpose is a question of fact, see id., no reasonable jury could find upon the undisputed facts presented here that IAIA's remedy has not so failed where (1) FGT in April 2009 anticipated making a full refund to IAIA within 30 to 45 days and (2) over 15 months later FGT has not tendered that refund.

Accordingly, IAIA's Motion for Partial Summary Judgment (DE #20) is GRANTED. So as to avoid piecemeal resolution of IAIA's accompanying request for attorney fees and costs (IAIA presumably continues to incur fees and costs for which it may seek recoupment), that request is DENIED subject to renewal upon entry of final judgment in this matter.

SO ORDERED.

    Entered for the Court
    this 13th day of September, 2010


    Bobby R. Baldock
    United States Circuit Judge
    Sitting by Designation