IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**INSTITUTE OF AMERICAN INDIAN ARTS,**
a federally chartered corporation,

**Plaintiff,**

v.                                              Case No. 6:10-cv-00152-BRB/WDS

**FENIX GLOBAL TECHNOLOGY, LLC,** a
New Mexico corporation, and
**ADRIAN SANCHEZ,**

**Defendant**

### Magistrate Judge's Report and Recommendation on
### Plaintiff's Motion for Rule 37 Sanctions[1]

This matter comes before the Court after a January 18, 2011 hearing on Plaintiff's Motion for Rule 37 Sanctions and Request for Emergency Immediate Hearing (Doc. No. 53). Attending by telephone were a representative for Plaintiff and its counsel. Only counsel for Defendants appeared. For the reasons that follow this Court recommends that Plaintiff's Motion be granted and that judgment be entered in favor of Plaintiff on all remaining issues against both Defendants.

After a hearing on January 3, 2011, this Court entered an Order (Doc. No. 62) requiring several actions on the part of Defendant Sanchez, acting on behalf of himself and the Defendant corporation. Defendants were ordered to comply with outstanding discovery requests by January 6, 2011. Defendant Sanchez was also required to file an affidavit and any other relevant documents material to his current health and how any medical condition had impacted his failure to provide the

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

discovery requested of him in this case.

At the follow up telephonic hearing held on January 18, Plaintiff informed the Court that the discovery had not been produced and no affidavit had been delivered. Counsel for Defendants informed the Court that he had discussed this Court's Order with Defendant Sanchez and made him aware of what was required of him. Counsel had no excuse for Defendants' failure to comply. Counsel renewed his request to withdraw from this matter, stating that the attorney client relationship had completely deteriorated to the point that he could not effectively represent his clients, nor could he comply with Court orders. By separate Order this Court granted the motion to withdraw.

Given Defendants' failure to respond to the requested discovery, their failure to comply with this Court's Order of January 3 compelling that discovery, and Defendant Sanchez's failure to supply the Court with any information as to why he had not produced discovery responses or complied with the Court's order, the Court agrees with Plaintiff that a sanction of judgment on all remaining issues of liability should be granted as to both Defendants.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**