## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**INSTITUTE OF AMERICAN INDIAN ARTS,**
**a federally chartered corporation,**

**Plaintiff,**

v.                                              Case No. 6:10-cv-00152-BRB/WDS

**FENIX GLOBAL TECHNOLOGY, LLC, a**
New Mexico corporation, and
**ADRIAN SANCHEZ,**

**Defendant**

### Magistrate Judge's Report and Recommendations
### on Damages Award[1]

This matter comes before the Court On a Referral from the Presiding Judge to take evidence on damages and recommend an appropriate judgment. The Court previously entered judgment against Defendants on liability (See Docket No. 68). A hearing was held on March 28, 2011 before the undersigned. Plaintiff appeared through its attorney, Patricia Salazar Ives, and Defendant Adrian Sanchez appeared *pro se.* Fenix Global Technology, LLC was unrepresented.

### FINDINGS

The parties conceded at the outset that the amount due and owing from their underlying business dealings was $26,667.46. Plaintiff requested trebling of damages under the Unfair

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Practices Act, prejudgment interest under federal law (alleged to be 23%) or under New Mexico Statute §57-12-10 (which has rates of 8 ½ % and 15%), punitive damages, attorneys fees and costs. Plaintiff's attorney presented the Court with 10 exhibits in support of her claim for damages and fees. Plaintiff's principal was not present at the hearing and no testimony was taken.

The Court does not find on the evidence before it a wilful violation of the Unfair Practices Act and does not recommend trebling of damages. The Court does not find sufficient evidence to support the award of punitive damages. The Court recommends an award of pre-judgment interest under New Mexico law on the stipulated amount owed at 8 ½ percent from the date of the filing of the complaint, which was February 9, 2010, until judgment is entered.

Plaintiff did submit to the Court an affidavit in support of attorneys' fees and costs. Rather than have Plaintiff file a separate motion, the Court will deal with the issue at this juncture. Attorneys' fees are available under the Unfair Practices Act. Plaintiff's submission requests $38,777.48 for the work of her firm on this case. That sum includes gross receipts tax. The Court finds that the hourly rate charged by Plaintiff's attorneys, which ranged from $175.00 to $190.00 per hour, with paralegal fees substantially less, to be reasonable. The amount of hours expended on what was essentially a collection case, however, is excessive in the Court's opinion. Absent extraordinary circumstances, reasonable attorneys' fees should not be greater than the amount at issue. Accordingly, the Court recommends attorneys' fees be granted in the amount of $26,667.46, inclusive of gross receipts tax.

The Cost bill should be submitted in accordance with the Local Rules of Civil Procedure after judgment is entered.

## RECOMM ENDATION

Based upon the above this Court recommends Plaintiff be awarded damages against Defendants in the amount of $26,667.46 for actual damages; pre-judgment interest in at the rate of 8 ½ % from February 9, 2010 until date of judgment; attorneys' fees in the amount of $26,667.46.

_____
W. Daniel Schneider
United States Magistrate Judge